

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

DCC/Plea Agmt.
2016R00017

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2700

July 5, 2016

Anthony Gualano, Esq.
P.O. Box 414
McAfee, New Jersey 07428

Re: <u>Plea Agreement with Harpreet Sachdeva</u>

Dear Mr. Gualano:

This letter sets forth the plea agreement between your client, Harpreet Sachdeva and the United States Attorney for the District of New Jersey ("this Office"). The offer contained in this letter will expire if not accepted by Harpreet Sachdeva on or before July 25, 2016.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Harpreet Sachdeva to a one-count Information that charges him with conspiracy to commit visa fraud, contrary to Title 18, United States Code, Section 1546(a), in violation of Title 18, United States Code, Section 371. If Harpreet Sachdeva enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Harpreet Sachdeva for the criminal activities committed from in or about July 2014 through in or about March 2016, in Union County, New Jersey, and elsewhere, as more fully set forth in the criminal complaint filed against him in this District under Magistrate No.: 16-6044, provided that Harpreet Sachdeva admits under oath at the time of his guilty plea to the criminal offense described above and that said conduct is taken into account as relevant conduct by the Court at the time of sentencing under U.S.S.G. § 1B1.2(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Harpreet Sachdeva agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Harpreet Sachdeva may be commenced against him, notwithstanding the expiration of the limitations period after Harpreet Sachdeva signs the agreement.

H.S.

Sentencing

The violation of Title 18, United States Code, Section 371 to which Harpreet Sachdeva agrees to plead guilty carries a statutory maximum prison sentence of 5 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon Harpreet Sachdeva is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Harpreet Sachdeva ultimately will receive.

Further, in addition to imposing any other penalty on Harpreet Sachdeva, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Harpreet Sachdeva to pay an assessment of $100, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., may order Harpreet Sachdeva to pay restitution; and (3) pursuant to 18 U.S.C. § 3583, may require Harpreet Sachdeva to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed. Should Harpreet Sachdeva be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Harpreet Sachdeva may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Harpreet Sachdeva by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this

- 2 -

H.S.

Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Harpreet Sachdeva's activities and relevant conduct with respect to this case.

Stipulations

This Office and Harpreet Sachdeva agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Harpreet Sachdeva from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Harpreet Sachdeva waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

- 3 -

H.S.

## Immigration Consequences

Harpreet Sachdeva understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Harpreet Sachdeva understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Harpreet Sachdeva wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Harpreet Sachdeva understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Harpreet Sachdeva waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Harpreet Sachdeva. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Harpreet Sachdeva.

No provision of this agreement shall preclude Harpreet Sachdeva from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Harpreet Sachdeva received constitutionally ineffective assistance of counsel.

H.S.

- 4 -

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Harpreet Sachdeva and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Dennis C. Carletta
Assistant U.S. Attorney

APPROVED:

Anthony Moscato
Chief, National Security Unit

H.S.

- 5 -

I have received this letter from my attorney, Anthony Gualano, Esq. I have read it, and/or it has been translated for me in my native language. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 18 July 2016.

Harpreet Sachdeva

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 7-18-16

Anthony Gualano, Esq.

- 6 -

## Plea Agreement With Harpreet Sachdeva

### Schedule A

     1. This Office and Harpreet Sachdeva recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Harpreet Sachdeva nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Harpreet Sachdeva within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Harpreet Sachdeva further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

     2. The version of the United States Sentencing Guidelines effective on the date of sentencing applies in this case.

The Offense Conduct

     3. The applicable guideline is U.S.S.G. § 2X1.1 (Attempt, Solicitation, or Conspiracy). Under U.S.S.G. § 2X1.1, the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Harpreet Sachdeva and his co-conspirators completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense. See U.S.S.G. § 2X1.1(b)(2).

     4. The substantive offense is a violation of 18 U.S.C. § 1546(a), and the applicable guideline for that offense is U.S.S.G. § 2L2.1. Pursuant to U.S.S.G. § 2L2.1(a), the base offense level is 11.

     5. The parties agree that the offense was committed for profit and that the defendant conspired to knowingly use, attempted to use, possessed, obtained, accepted or received at least 45 documents proscribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing that said documents were forged, counterfeited, altered, falsely made, to have been procured by means of false claim or statement, or otherwise procured by fraud or unlawfully obtained. Pursuant to U.S.S.G. § 2L2.1(b)(2)(B), specific offense characteristic results in a 6-level increase from the base offense level of 11.

- 7 -     H.S.

Acceptance of Responsibility

6. As of the date of this letter, Harpreet Sachdeva has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Harpreet Sachdeva's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Harpreet Sachdeva has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Harpreet Sachdeva's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Harpreet Sachdeva enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Harpreet Sachdeva's acceptance of responsibility has continued through the date of sentencing and Harpreet Sachdeva therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Harpreet Sachdeva's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Calculation of the Total Offense Level

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Harpreet Sachdeva is 14.

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

Waiver of Appellate Rights

10. Harpreet Sachdeva knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 14. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 14. The parties reserve any right they may

- 8 -

H.S.

have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

H.S.

- 9 -